## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**RAMAR WALTON,**

      **Plaintiff,**

      v.                              **CASE NO.  24-3115-JWL**

**UNIFIED GOVERNMENT OF**
**WYANDOTTE COUNTY, et al.,**

      **Defendants.**

## MEMORANDUM AND ORDER TO SHOW CAUSE

Plaintiff Ramar Walton is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to cure the deficiencies.

### I.  Nature of the Matter before the Court

Plaintiff brings this pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff is detained at the Wyandotte County Detention Center in Kansas City, Kansas.  The Court provisionally grants Plaintiff leave to proceed in forma pauperis.

Plaintiff alleges "excessive force by the Kansas City, Kansas Police Department [and] its failure to initiate [an] investigation into the conduct of its law enforcement agency while effectuating the arrest and ultimate detention of citizens."  (Doc. 1, at 2.)  Plaintiff alleges a violation of his right to be free from illegal search and seizure of his person.  *Id*.  Plaintiff claims "[s]ystematic breakdowns in administrative supervision and training."  *Id*.

As Count I, Plaintiff claims Officers Hayden and Potter used excessive force on August 3, 2022, when they used their batons to repeatedly strike Plaintiff with the intent to cause

bodily harm. *Id.* at 3. Plaintiff alleges that he was violently beaten and struck repeatedly, and that the force used to effectuate his arrest was excessive, unprovoked, and unreasonable. *Id.*

As Count II, Plaintiff alleges negligent failure to train and *Monell* municipal liability. *Id.* Plaintiff alleges that the County failed to investigate similar prior instances of excessive force and failed to supervise and instruct its officers on how to conduct traffic stops. *Id.*

Plaintiff alleges a failure to intervene as Count III. He alleges that members of the Kansas City, Kansas Police Department ("KCKPD") violently beat him on August 3, 2022, and "one or both officers failed to intervene while another officer used excessive force to effectuate an arrest and both had the opportunity and means to prevent the harm from occurring." *Id.* at 4.

Plaintiff names as defendants: the Unified Government of Wyandotte County; the Board of County Commissioners of Wyandotte County, Kansas; KCKPD Officer Hayden Erickson; KCKPD Officer Drew Potter; KCKPD Officer John Doe; and Karl Oakman, KCKPD Chief of Police. Plaintiff seeks compensatory and punitive damages. *Id.* at 5.

## II. Statutory Screening

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988)

(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992).  A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006).  On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).  The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v.*

*Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  Discussion

If a plaintiff has been convicted and a judgment on the plaintiff's claim would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*.  *See Heck v. Humphrey*, 512 U.S. 477 (1994).  In *Heck*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.

An online Kansas District Court Records Search indicates that based on offenses occurring on August 3, 2022, Plaintiff was charged with:  1) Aggravated Assault of LEO; Use of

a deadly weapon; 2) Interference with LEO; obstruct/resist/oppose felony warrant service or execution; and 3) Theft of property or services; Value less than $1,500. *See State v. Walton*, Case No. 2022-CR-000812 (Wyandotte County District Court). The docket reflects that on April 14, 2023, the charge of aggravated assault of LEO was dismissed and Plaintiff pleaded guilty to the other two charges.[1] Plaintiff has not alleged that the conviction or sentence has been invalidated.

However, it is possible that Plaintiff's excessive force claim may not be barred by *Heck*, depending on the facts surrounding his arrest. "An excessive-force claim against an officer is not necessarily inconsistent with a conviction for assaulting the officer." *Torres v. Madrid*, 60 F.4th 596, 600 (10th Cir. 2023) (citing *Havens v. Johnson*, 783 F.3d 776, 782 (10th Cir. 2015)). "For example, the claim may be that the officer used too much force to respond to the assault or that the officer used force after the need for force had disappeared." *Id.* "[I]n cases where there are multiple uses of force or a continuing use of force, *Heck* may bar the plaintiff's claims as to some force but not all." *Id.* at 600–01 (citing *Hooks v. Atoki*, 983 F.3d 1193, 1197, 1201 (10th Cir. 2020) (although *Heck* barred plaintiff, who had pleaded no contest to two counts of assault and battery on a police officer, from bringing excessive-force claims based on four uses of force involved in subduing him, "[t]he fifth and sixth uses of force [we]re different" and thus not barred by *Heck* because plaintiff had alleged that he "no longer posed a threat")). In *Torres*, the Tenth Circuit reversed the decision finding plaintiff's claims were barred by *Heck* as inconsistent with plaintiff's no-contest pleas to charges of aggravated flight from a law-enforcement officer and assault upon a peace officer "because her pleas are not inconsistent with her claims that the officers used excessive force by firing at her after she had driven past them and no longer posed

---

[1] The Court notes that the docket and the Journal Entry of Judgment reflect a guilty plea, while the plea agreement has "guilty" crossed out and "no contest" interlineated.

a threat to them." *Id*. at 599–600.

"The analysis of whether *Heck* bars the entirety of a plaintiff's excessive-force claims thus requires 'compar[ing] the plaintiff's allegations to the offense [s]he committed." *Id.* at 601 (citing *Havens*, 783 F.3d at 782). The problem in this case is that Plaintiff's Complaint provides no details regarding his arrest or the alleged use of excessive force against him. He alleges that he was subjected to excessive on August 3, 2022, and that KCKPD Officers Erickson and Potter were involved. Otherwise, he provides no details regarding the incident surrounding his arrest, other than stating that officers "deployed their batons" and he was "struck repeatedly." (Doc. 1, at 3.)

The Court cannot determine whether Plaintiff states a valid excessive force claim or whether or not such a claim may be barred by *Heck* based on his state court criminal conviction. A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall*, 935 F.2d at 1110. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

Plaintiff should show good cause why his Complaint should not be dismissed for failure to state a claim. Plaintiff is also given the opportunity to submit an amended complaint to provide factual support for his claims.

## V. Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff's Complaint should not be

dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it. Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (24-3115-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint. *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal participation by each named defendant.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter may be dismissed without further notice for failure to state a claim.

**IT IS THEREFORE ORDERED BY THE COURT** that the Court provisionally grants Plaintiff leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **September 3, 2024,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **September 3, 2024**, in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated August 1, 2024, in Kansas City, Kansas.**

<u>S/  John W. Lungstrum</u>
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**